## D. C. JONES V. C. R. SMITH.

### (Case No. 3801.)

1. NECESSARY PARTIES.— An executor under an independent will is not a necessary party to a suit, in a controversy involving title between the heir and one who had discharged a judgment lien on the land, the judgment having been rendered against the executor, as such, and a defective sheriff's deed executed to the purchaser; the object of the suit being to subrogate the purchaser who had discharged the lien to the lien of the original judgment.

2. SAME — PARTIES.— If the suit be between the vendee of the purchaser at such sheriff's sale and the heir, the purchaser who has executed a deed with warranty may properly intervene and have his rights adjudicated.

3. SUBROGATION.— A purchaser at a sheriff's sale, who, after paying money on his bid which discharges the judgment, receives a defective sheriff's deed, may be subrogated to the lien of the original judgment. His right of action does not depend on his possession. If in possession, he cannot be disturbed in it by the original judgment debtor, until the money paid by him in discharging the judgment has been refunded.

APPEAL from Robertson.    Tried below before the Hon. Spencer Ford.

In 1870 W. S. G. Wilson brought this suit in the district court of Milam county, against D. C. Jones and wife, to recover a tract of land containing eight hundred and thirty-seven acres (less two hundred acres, their homestead), being situated in Milam county. The petition was in " trespass to try title," alleging that defendant, Applewhite Jones, wife of D. C. Jones, claimed title to said land as the widow and sole legatee of John S. Wilson, deceased; and that the defendants were in the wrongful possession of the same, and claiming it as against the plaintiff and rightful owner, etc.

While the cause was pending in the district court of Milam county, the papers were destroyed by fire, and, owing to the manner in which they were supplied by substitution, it is uncertain what action was had in that court.

It does appear that appellee C. R. Smith intervened as the warrantor of Wilson, averring that B. F. Ackerman, in March, 1869, recovered a judgment in the district court of Milam county against W. W. Oxsheer and others, as the executors of the last will and testament of Jno. T. Wilson, and (this was an independent will) for the sum of $1,042.30; that an execution was issued on that judgment August 17, 1869; that the same was levied upon the land in controversy; that it was advertised and sold by the sheriff September 6, 1869; that Smith purchased the same, paying therefor $1,042 in gold; that he afterwards conveyed the land to the plaintiff W. S. G. Wilson by deed, with general warranty of title; and praying that in the event the sheriff's sale, for any reason, be declared and held of no effect, that then he be subrogated to the rights of the original judgment discharged by him, etc.

Appellants moved to strike out the intervention, and also excepted thereto on several grounds; amongst others, that the intervenor had no such interest in the suit as would authorize him to interplead therein, and that Oxsheer and the other executors of J. T. Wilson ought to have been made parties. The motion and exceptions appear to have been overruled, after various motions and amendments not necessary to be noticed. On May 18, 1875, the venue of the suit, upon the application of defendants, was changed to Robertson county. On the same day, C. R. Smith, by leave of the court, presented and had filed another or new intervention, setting up substantially the same facts as in his first plea. Exceptions were filed to the plea on several grounds; amongst others, that Ackerman ought to have been made a party to the suit; that intervenor showed no such privity with the judgment or interest in the subject-matter of the litigation as would authorize him to interplead. The intervenor again amended his plea May 29, 1877, and the defendants renewed their exceptions to the same on that

day.   These exceptions were not acted upon by the court. The case was tried on the 30th day of May, 1877, and the trial resulted in a verdict and judgment for the defendants as against the plaintiff, and verdict and judgment in favor of intervenor against defendants, in effect subjecting the land, less the homestead, to the payment of the amount paid by intervenor at the sheriff's sale, and which discharged the Ackerman judgment.   The defendants appealed, and assign numerous errors apparent from the opinion.

*William H. Hamman*, for appellant.

I.  The necessary parties were not before the court.  The executors of the will of John T. Wilson, deceased, should have been made parties.

II.  The intervenor showed by his pleading that he had no interest in the subject-matter of the suit which would be affected by the judgment.  Garrett *v.* Gaines, 6 Tex., 435; Williams *v.* Wright, 20 Tex., 499; Pierce *v.* Massey, 7 Martin (N. S.), 196.

III.  Not only did the intervenor have no interest in the subject-matter of the suit which could be affected by the decree, but whether by possibility he could have any cause of action against any one, such as he asserts, depended altogether upon the result of the original suit between plaintiff and defendants, and upon contingencies which were in no way involved in the issues made in the case, and with which defendants had nothing to do.

IV.  The intervenor's judgment, if enforced, would not protect the defendants in a suit by Wilson on the same cause of action.

V.  The purchaser at execution sale, being " the active party complaining of his misfortune in acquiring a bad title under a pretended sale," cannot be subrogated to the rights of the judgment creditor, and recover back the

purchase money.   Brown *v.* Lane, 19 Tex., 206;  Herndon *v.* Rice, 21 Tex., 458.

VI.  The purchaser at execution sale cannot, by any independent action, recover of either of the parties the amount of his bid.   There is no kind of privity between him and the creditor.   "He buys without warranty, at his own risk, and for his own gain; if the title is good, well; if it is not good, what is there to entitle him to take the place of the creditor?   Laws *v.* Thompson, 4 Jones (Law), 107; Branham *v.* St. Josie, 24 Cal., 585; Boggs *v.* Hargrove, 16 Cal., 559; Salmond *v.* Price, 13 Ohio, 368; The Monte Allegro, 9 Wheat., 616, 644, 648; Smith *v.* Painter, 5 Serg. & R., 225; Wilder *v.* Farmers' Bank, 11 Serg. & R., 138; 8 Geo., 30; 21 Ala., 288; and authorities cited by Chief Justice Roberts in the case of Brown *v.* Lane, *supra;* Sanford *v.* McLane, 3 Ohio, 122; Vallier *v.* Lytle, 6 Ohio, 483.

VII.  The appellee "did not get possession of the land, or such title to it, as ever could have matured into a good right, the sale being a nullity."   Brown *v.* Lane, 19 Tex., 208.

*Davis, Beall & Kemp*, for intervenor Smith.

I.  The court did not err in overruling the defendant's exceptions to intervenor's plea of intervention; the proof fully supported said plea; and the charge of the court was correct.   Howard *v.* North, 5 Tex., 316; Garrett *v.* Gaines, 6 Tex., 435; Brown *v.* Lane, 19 Tex., 207; Wallace *v.* Lawless, 45 Tex., 538; Bailey *v.* White, 13 Tex., 118; Andrews *v.* Richardson, 21 Tex., 296; Morton *v.* Welborn, 21 Tex., 773; Dalton *v.* Rust, 22 Tex., 152; McLaughlin, Adm'r, *v.* Daniel, 8 Dana, 183; Vollies' Heirs *v.* Fleming's Heirs, 29 Mo., 152; Springs *v.* Horan, 3 Jones' Eq. (N. C.), 95; 1 Dev. & Bat. Eq. (Scott *v.* Dunn); Dufour *v.* Camfrac, 11 Martin, 615.

WATTS, J. COM. APP.— The intervenor was not seeking to establish any claim or demand against the estate of John T. Wilson. The object sought by him was to subject the property in the possession of the sole legatee to an amount paid by him in discharging a valid incumbrance and lien upon that property. This being the case, the executors, under the independent will of Wilson, were not necessary parties to the suit.

The validity of the sheriff's sale to the intervenor Smith was directly involved in the suit between Wilson and the appellants. Smith had purchased the land at sheriff's sale under a valid judgment, which was a lien upon the same. The sale was ineffectual to pass title to the land, for the want of a proper description in the sheriff's deed. Smith had conveyed the land to the plaintiff and warranted the title. It is clear that if the sheriff's sale is to be adjudged of no effect in the suit between Wilson and the appellants, that this adjudication would render Smith liable on his warranty to Wilson. Therefore Smith was interested in the subject-matter of the litigation; and as that interest was liable to be affected by the judgment which would be rendered in the case, he had the right to intervene, and set up and have his rights adjudicated in that suit. Garrett v. Gaines, 6 Tex., 435; Smith v. Allen, 28 Tex., 498.

In the case of Burns v. Ledbetter, 54 Tex., 374, the rights of a purchaser at sheriff's sales, when the judgment was valid but the sale ineffectual, were fully considered by us, and, after a careful review of the authorities, we reached the conclusion that, if the purchaser was not guilty of fraud in the purchase, he would be entitled to be subrogated to the lien of the original judgment which his money went to discharge.

In McDonough v. Cross, 40 Tex., 285, the court said: "As he (McDonough) discharged, however, a valid judgment debt against the estate, which was a charge against

the devisees, we think he was subrogated to the rights of the judgment creditor, and he could by the proper presentation of his rights have subjected the land to the payment of the judgment, in preference to any claim upon it by the devisees.

There is no pretense that the Ackerman judgment was not a valid debt against the estate, of which Mrs. Jones was the sole devisee, and constituted a lien upon the land. The evidence clearly shows that Smith purchased the land at sheriff's sale and paid the money, which was applied to the discharge of the judgment; that the sale of the sheriff was invalid by reason of his failing to give a sufficient description of the land in his deed to Smith. Under such circumstances, Smith had the right to be subrogated to the lien of the original judgment upon the land, for the amount he had paid in the discharge of the same. Nor were his rights materially affected by the fact that he did not get possession of the land under his purchase. If he or his vendee was in possession, the appellants could not disturb that possession until they had refunded the money paid by him in discharging the judgment; and if not in possession, he would be entitled to be subrogated to the lien of that judgment. Burns v. Ledbetter, *supra*, and authorities there cited.

Appellants complain of the charge of the court, because it would seem that the court below intended, from the language of the charge, to make them individually liable for the amount Smith had paid in discharging the Ackerman judgment. The language of the charge might indicate such to have been the view of the court, but an examination of the decree fully and clearly shows that such was not the object or purpose of the court. The appellants are not individually bound for any amount to Smith; his lien is foreclosed upon the land, and to that he must look for a repayment of his money.

The homestead right of the appellants is not affected

by the judgment; the lien is foreclosed upon the land, subject to their homestead rights.

We are of the opinion that the judgment ought to be affirmed.

AFFIRMED.

[Opinion delivered October 31, 1881.]