### SEWELL et al. v. SPITZER et al. (No. 263-3482.)

(Commission of Appeals of Texas, Section A. Dec. 7, 1921.)

**1. Judgment &#x29E8;17(3)—Personal judgment for amount of note not binding on nonresident defendant.**

A nonresident defendant served by notice or by publication would not be personally bound by a personal judgment for amount of note.

**2. Vendor and purchaser &#x29E8;279—Nonresident maker of vendor's lien note who had parted with interest in property not necessary party to action to foreclose lien.**

Maker of vendor's lien note who had transferred the property and who was a nonresident was not a necessary party to an action to foreclose the lien, since Rev. St. arts. 2172–2177, is inapplicable in view of maker's transfer of interest in the property, and since to name him as a nonresident party defendant and to cite him as such would have been a barren form, inasmuch as he would not be personally bound by the judgment rendered, and since the mere fact that there was no one before the court or within its jurisdiction personally responsible for the debt did not deprive the court of jurisdiction to ascertain the amount of the debt and to foreclose the lien.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

---

&#x29E8;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by A. B. Smith against C. Y. McDonald, to which John Q. Sewell, William Spitzer, and Will Lyons were made parties. Judgment for plaintiff against defendant McDonald and for McDonald against impleaded parties was reversed, and the cause was remanded by the Court of Civil Appeals (218 S. W. 599), and Sewell and plaintiff bring error. Judgment of Court of Civil Appeals reversed, and judgment of district court affirmed.

A. T. Cole, of Clarendon, for plaintiffs in error.

J. N. Browning and L. C. Barrett, both of Amarillo, and W. T. Link and E. A. Simpson, both of Clarendon, for defendants in error.

GALLAGHER, J. This case is submitted on the transcript without a statement of facts. The pleadings are voluminous, but the substance only of such pleadings as are deemed material will be stated.

A. B. Smith, one of the plaintiffs in error, filed suit in the district court of Donley county, Tex., against C. Y. McDonald, one of the defendants in error, to recover on a note for $375, with interest and attorney's fees, which he alleged was executed and delivered to him by Dan Spitzer as a part of the purchase price of a tract of land in the town of Clarendon, and to secure the payment of which he alleged an express lien was retained in his deed to Spitzer. He alleged that Dan Spitzer was then a resident of the state of Colorado, and that no personal judgment could be rendered against him. He further alleged that Dan Spitzer had conveyed the property to J. Q. Sewell, and that Sewell had conveyed it to McDonald, and that McDonald was in possession thereof and claiming the same, and that he refused to pay the note sued on. He further alleged that Spitzer, as a part of the purchase price of the property, assumed an incumbrance thereon.

McDonald denied that his land was liable for the note sued on, and impleaded J. Q. Sewell, one of the plaintiffs in error, and alleged that he had purchased the land from Sewell, paying him $1,500 in cash therefor, and that Sewell had conveyed the property to him with warranty of title, and prayed for judgment against Sewell on his warranty.

By a subsequent pleading he alleged that the incumbrance on the property which was assumed by Dan Sewell at the time of his purchase thereof from Smith was evidenced by a note in the sum of $750 given by Smith as a part of the purchase price of the property at the time of his purchase, and that it was secured by a superior lien on the property and was then owned by one Antrobus, and was due and unpaid. He further alleged that he had been compelled to assume said note and guarantee its payment to protect his title to the land, and that he had already made a payment thereon.

Sewell denied that McDonald was entitled to recover against him, and impleaded Wm. Spitzer and Will Lyons, two of defendants in error, and alleged that when he purchased the property from Dan Spitzer he received a bond with Dan Spitzer as principal and said Wm. Spitzer and said Will Lyons as sureties in the sum of $1,400, conditioned that he, the said Dan Spitzer, should furnish said Sewell an abstract showing said property to be free from all incumbrances, and make, or cause to be made, to said Sewell a good title thereto within twelve months from the date thereof. He alleged that this bond had been assigned by him to McDonald at the time he deeded the property to him. He further alleged that the conditions of said bond had been breached, and, if McDonald was entitled to recover anything, he should recover on said bond. He also alleged that Dan Spitzer was a nonresident of the state, and that no personal judgment could be rendered against him, and also that he was notoriously insolvent.

Said sureties, Spitzer and Lyons, answered in the cause and made no objection to being sued without the joinder of Dan Spitzer in his capacity as principal on the bond on which they were sued as sureties, but excepted to McDonald's pleadings on the ground that said Dan Spitzer, in his capacity as maker of the note sued on, was not made a party to the suit, which exception was overruled. They urged various defenses not material to the issue here involved. No one sought at any time or in any way to make Dan Spitzer a party to the suit.

There was a trial before the court, resulting in a judgment for Smith, establishing his debt and foreclosing his lien on the property in the hands of McDonald, and a judgment in favor of McDonald against Sewell on his warranty for the aggregate amount of the note sued on and the Antrobus note, and against Wm. Spitzer and Will Lyons for the sum of $1,400, the amount of the bond for title, and providing for execution over against them by Sewell for any amount he might have to pay thereon to McDonald, not to exceed $1,400.

The said sureties appealed to the Court of Civil Appeals for the Seventh District at Amarillo, and assigned as fundamental error the rendition of said judgment without making Dan Spitzer, the maker of said note and the only person alleged to be personally liable thereon, a party to the suit. The Court of Civil Appeals sustained said assignment and reversed and remanded the case. 218 S. W. 599.

J. Q. Sewell, joined by A. B. Smith, plaintiff in said cause in the trial court, applied

for a writ of error, which was granted by the Supreme Court.

Dan Spitzer having parted with all his interest in the property, articles 2172 to 2177, inclusive, of the Revised Statutes have no application.

[1] Had Dan Spitzer been made a party to the suit by Smith's pleadings and service had upon him by notice, or by publication as provided by law for service upon a nonresident, no personal judgment could have been rendered against him for the debt, neither would he have been in any way personally bound by the judgment rendered. Maddox v. Craig, 80 Tex. 600, 602, 16 S. W. 328; Scott v. Streepy, 73 Tex. 547, 11 S. W. 532; Hardy v. Beatty, 84 Tex. 562, 569, 19 S. W. 778, 31 Am. St. Rep. 80.

[2] Naming him as a nonresident party defendant and citing him as such would have been a barren form. The court was not without jurisdiction to ascertain the amount of the debt and foreclose the vendor's lien, because there was no one before it or within its jurisdiction personally responsible for the debt.

In the case of Hartfield v. Greber, decided by this section of the Commission of Appeals and reported in 207 S. W. 85, 86, Clark and wife had contracted with one Pye to build a house on certain lots owned by them, and as a part of the consideration therefor executed the notes sued on in that case, and at the same time executed a formal mechanic's lien on the lots and improvements to secure the same. Pye transferred the notes to Greber. Subsequently he purchased the property from Clark and wife, assumed the payment of the notes then held by Greber, and procured Greber to release Clark and wife from liability, and to accept him as debtor in their stead. Pye then sold the property to Hartfield. Greber brought suit against Clark and wife on the notes, and against Hartfield for a foreclosure of his lien. Clark and wife pleaded their release and their plea was sustained by the court, but the court, nevertheless, established the debt, foreclosed the lien, and ordered the property sold to satisfy the judgment. It was contended that the court was without authority to render judgment foreclosing the lien, because there was no party to the suit against whom a judgment for the debt could be decreed; in other words, that Pye was a necessary party to the suit. This contention was overruled. We quote from the opinion in that case as follows:

"It is a well-settled rule of the common law that, in a suit to foreclose a mortgage, it is not necessary to make the debtor a party to the suit where he has parted with his interest in the property, unless a personal judgment is sought against him. The plaintiff in such suit may proceed against the purchaser of the property alone, establish his debt, and subject the property to the payment thereof. Jones on Mortgages (5th Ed.) vol. 2, § 1404; 9 Enc. Plead. & Prac. 332; Storey, Eq. Plead. § 197; Buchannan v. Monroe, 22 Tex. 537; Jones v. Smith, 55 Tex. 383; Puckett v. Reed, 3 Tex. Civ. App. 350, 22 S. W. 515. This rule has been applied in this state in tax suits. Slaughter v. City of Dallas (Civ. App.) 103 S. W. 218; League v. State (Civ. App.) 56 S. W. 262. In other jurisdictions the rule is held to apply in a proceeding to enforce a mechanic's lien. Rose v. Persse, 29 Conn. 256; McCormick v. Lawton, 3 Neb. 449; Kellenberger v. Boyer, 37 Ind. 188; Harrington v. Miller, 4 Wash. 796, 808, 31 Pac. 325.

"In our opinion, Pye was not a necessary party to the foreclosure proceedings, in the sense that the failure to make him a party renders the judgment of foreclosure void. Plaintiff had the right to sue Hartfield as a subsequent purchaser of the property upon which he held a lien, establish his debt, and enforce his lien against the property without making Pye, his debtor, a party to the proceedings. Jones on Liens (3d Ed.) vol. 2, § 1578; Phillips on Mechanics' Liens, § 396. In such proceeding Hartfield could urge any defense to defeat the lien that Pye could have urged had he been a party to the suit."

Defendants in error rely on Slaughter v. Owens, 60 Tex. 668, and Breed v. Higginbotham Bros., 141 S. W. 164, to sustain the Court of Civil Appeals in this case.

We think this case is easily distinguished from Slaughter v. Owens. The Supreme Court, in Slaughter v. Owens, construing the law as it then existed, held that, as long as the purchase money debt was legally enforceable against the original vendee, the lien could be enforced against the land in the hands of a subsequent purchaser with notice of such lien.

The note sued on in that case was more than four years past due, and the court held that, if the suit had been based on the note alone, it would have been barred by limitation, and a foreclosure on the land would have been denied. The court further held that, the note having been merged into a judgment, the debt was preserved as long as the judgment was enforceable. The judgment, however, had been permitted to become dormant and could not be enforced until it was revived. Suit was brought to revive the judgment against the original defendants therein, and for the first time the lien securing the same was set up, and a foreclosure thereof on the lands in the hands of Slaughter, a subsequent purchaser with notice, was sought.

The defendants in the original judgment were finally dismissed from the suit and the dormant judgment foreclosed against the lands in the hands of Slaughter. The court held this could not be done, and that the defendants in judgment were necessary parties to that suit.

In the case at bar the record shows that

suit was instituted shortly after the maturity of the note sued on herein, and there is no intimation that it could not have been enforced against Dan Spitzer had he been a resident of the state, and subject to the process of its courts.

Breed v. Higginbotham Bros. was reversed and remanded by the Court of Civil Appeals, and. no attempt to have it reviewed by the Supreme Court is shown. We believe the decision in that case is in conflict with the authorities hereinbefore cited, and decline to follow it.

We are of the opinion that Dan Spitzer, the nonresident maker of the note sued on, was not a necessary party to this suit, and that the Court of Civil Appeals erred in so holding.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes