

# NUMBER 13-16-00318-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BBVA COMPASS A/K/A COMPASS
BANK, SUCCESSOR IN INTEREST
OF TEXAS STATE BANK,                                    Appellant,

v.

ADOLFO VELA AND LETICIA VELA,                          Appellees.

On appeal from the 93rd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Rodriguez, Contreras, and Benavides
Memorandum Opinion by Justice Rodriguez

This appeal arises from a summary judgment disposing of appellant Compass Bank's[1] claim for judicial foreclosure against appellees Adolfo Vela and Leticia Vela. By two issues, Compass Bank asserts that the summary judgment was erroneously granted and that it was entitled to foreclose as a matter of law. We reverse and remand.

## I.     BACKGROUND

Compass Bank alleges that the Velas obtained a home equity loan in 2006. To that end, the Velas executed a note (the "note") which was secured by their home via an instrument titled "Texas Home Equity Deed of Trust" (the "deed of trust"). Compass Bank alleges that it sought to foreclose on the deed of trust after the Velas stopped making payments on the note.[2]

In 2014, both parties filed motions for summary judgment.[3] The trial court denied Compass Bank's motion and instead granted the Velas' motion in an order declaring that

---

[1] Appellant is BBVA Compass, a/k/a Compass Bank, Successor in Interest of Texas State Bank. For ease of reference, we refer to appellant as "Compass Bank."

[2] Compass Bank's foreclosure claim has a complicated procedural history that is not entirely clear within the record. In 2010, Compass Bank filed an application for expedited foreclosure in cause number C-2690-10-C. *See generally* TEX. R. CIV. P. 736.1 *et seq.* In 2011, the Velas filed various claims against Compass Bank in cause number C-2151-11-C. Compass Bank's application for foreclosure was apparently defective, and in 2011, all claims in both suits were dismissed.

This appeal arises from cause number T-1586-11-F, which originated as a separate tax proceeding. In 2011, taxing authorities in Hidalgo County sued the Velas, and they named Compass Bank as a defendant in rem because of Compass Bank's lien on the Velas' house. Within the tax suit, Compass Bank and the Velas filed crossclaims against one another. The parties' crossclaims were severed into this lawsuit in June of 2014. Compass Bank filed a claim for judicial foreclosure, which is the subject of this appeal. The Velas filed various tort claims regarding Compass Bank's attempted foreclosure, some of which were nonsuited, and the remainder of which were eventually severed into yet another suit. The Velas' tort claims are not at issue in this appeal.

[3] Compass Bank filed a motion for summary judgment to dispose of the Velas' counterclaims, which the trial court denied. For their part, the Velas asserted that the defenses of quasi-estoppel and res judicata barred Compass Bank's claim for foreclosure; the Velas asserted that the trial court's dismissal of Compass Bank's previous foreclosure claim in cause number C-2690-10-C had a preclusive effect on Compass Bank's ability to foreclose. The Velas discussed this theory in their petition but did not include this theory in their "Summary Judgment Brief," which discussed various legal doctrines in the abstract, but

2

"Compass Bank has no right, title or interest" in the Velas' house (the "first summary judgment").

Compass Bank filed a motion for new trial.[4]  While Compass Bank's motion for new trial was pending, the Velas executed a general warranty deed that purported to transfer legal title of their house into a trust.  Specifically, the deed stated that the Velas thereby transferred their interest in the property to "Aracelia Vela, trustee of The Adolfo and Leticia Vela Family Trust, of . . . Boston, Massachusetts 02135."

The trial court granted the motion for new trial, setting aside the first summary judgment in favor of the Velas.  Following the grant of new trial, Compass Bank moved for summary judgment on its foreclosure claim.  Compass Bank submitted evidence to show its status as the holder of the note and deed of trust, the Velas' default under both instruments, various notices of default, an acceleration of the note, the note's outstanding balance, and other facts supporting foreclosure.

The Velas also moved for summary judgment, though without stating specific grounds entitling them to judgment.  At the hearing, the Velas made the particulars of their argument clear for the first time:  the Velas argued that their house was now free from Compass Bank's security interest because they transferred the property into a trust while the first summary judgment—and its declaration that Compass Bank had no interest

_____

did not mention the facts of the case or make specific arguments.  Instead, the Velas argued for the first time at the summary judgment hearing that res judicata entitled them to judgment as a matter of law on Compass Bank's claim for foreclosure.  The trial court agreed with the Velas' argument at the hearing and granted the first summary judgment in their favor.

[4] Compass Bank's motion for new trial argued that the governing rule for expedited foreclosure applications at that time, rule 736, expressly provided that res judicata does not apply in such situations, and therefore the trial court could not have granted the first summary judgment on that basis.  *See* former TEX. R. CIV. P. 736(9) (current version at TEX. R. CIV. P. 736.9).

in the house—was in effect. The Velas asserted that if Compass Bank had wished to preserve its lien, Compass Bank should have taken steps to suspend the enforcement of the first summary judgment while their motion for new trial was pending. According to the Velas, Compass Bank should have obtained a supersedeas bond, as a judgment debtor might do while pursuing an appeal. *See* Tex. R. App. P. 24.1. The Velas contended that because the first summary judgment was not suspended by supersedeas or other measures, they acted in justified reliance and enforced their rights under that judgment when they transferred their house into the trust, thus discharging the lien. Finally, the Velas reasoned that because they no longer had legal title to the property, Compass Bank's ongoing foreclosure action failed as a matter of law. As support, the Velas submitted the general warranty deed itself and exhibits showing that the Velas executed the property transfer while the first summary judgment was in effect.

The trial court agreed with the Velas' oral argument at the summary judgment hearing. The court denied Compass Bank's motion and instead granted the Velas' motion, rendering an order which declared that Compass Bank "take nothing" by its foreclosure claim (the "second summary judgment"). Compass Bank filed this appeal of the second summary judgment.

## II.  DISCUSSION

By its first issue on appeal, Compass Bank asserts that the trial court erred in rendering the second summary judgment in favor of the Velas. By its second issue, Compass Bank asserts that it was entitled to a judicial order of foreclosure as a matter of law.

4

**A.    Standard of Review and Applicable Law**

We review a grant of summary judgment de novo.  *SeaBright Ins. Co. v. Lopez*, 465 S.W.3d 637, 641 (Tex. 2015).   A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Id.*  We review summary judgment evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.  *Id.*  When both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides and render the judgment the trial court should have rendered.  *Id.* at 641–42.

**B.    The Second Summary Judgment in Favor of the Velas**

Compass Bank asserts that the second summary judgment in favor of the Velas cannot stand.  According to Compass Bank, the Velas' motion did not advance any specific grounds for summary judgment, and the grounds which the Velas argued for the first time at the hearing have no merit.

The Vela's motion for summary judgment consisted of four paragraphs, three of which were used for formalities.  The substance of the Velas' motion was set out in the remaining paragraph, which generally asserted that the Velas were entitled to summary judgment based on the evidence:

> This motion is predicated upon the ground that the summary judgment evidence submitted as support for the pending summary judgment motion of BBVA Compass Bank, and the summary judgment evidence filed herewith, collectively support all findings needed to establish Movants' entitlement to the summary judgment herein requested.

The Velas revealed their grounds for summary judgment for the first time at the hearing.

A motion for summary judgment must state the specific grounds entitling the movant to judgment, identifying or addressing the cause of action or defense and its elements. *ExxonMobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 545–46 (Tex. 2017). Rule 166a does not permit the movants to state their summary judgment grounds for the first time "in . . . the summary judgment evidence" or during argument at the hearing. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). We may affirm a summary judgment based only on a ground expressly stated in the motion for summary judgment. *Stiles v. Resolution Tr. Corp.*, 867 S.W.2d 24, 26 (Tex. 1993); *Guevara v. Lackner*, 447 S.W.3d 566, 571 (Tex. App.—Corpus Christi 2014, no pet.). The term "ground" refers to the reasons that entitle the movant to summary judgment. *Stephens v. LNV Corp.*, 488 S.W.3d 366, 373 (Tex. App.—El Paso 2015, no pet.) (quoting *Garza v. CTX Mortg. Co., LLC*, 285 S.W.3d 919, 923 (Tex. App.—Dallas 2009, no pet.)).

Because the Velas presented no specific grounds in their motion, we may not affirm the summary judgment in their favor.[5] *See Stiles*, 867 S.W.2d at 26. We sustain Compass Bank's first issue.

## C.    Compass Bank's Motion for Summary Judgment

---

[5] The Velas did not make any written argument concerning the validity of Compass Bank's lien, and unlike the first summary judgment, the second summary judgment did not declare that Compass Bank had no interest in the property. Accordingly, we need not express an opinion on whether Compass Bank's lien remains intact. *See First Nat'l Bank of Kerrville v. O'Dell*, 856 S.W.2d 410, 415 (Tex. 1993) (discussing discharge of a lien through judicial foreclosure or satisfaction of the note); TEX. PROP. CODE ANN. § 12.017 (West, Westlaw through 2017 1st C.S.) (providing for release-of-liens affidavits); *see also Hill v. Preston*, 34 S.W.2d 780, 786 (Tex. 1931); *but see Sewell v. Spitzer*, 234 S.W. 1083, 1085 (Tex. Comm'n App. 1921) ("It is a well-settled rule of the common law that, in a suit to foreclose a mortgage, it is not necessary to make the debtor a party to the suit where he has parted with his interest in the property, unless a personal judgment is sought against him. The plaintiff in such suit may proceed against the purchaser of the property alone, establish his debt, and subject the property to the payment thereof."); *Mackey v. Great Lakes Invs., Inc.*, 255 S.W.3d 243, 253 (Tex. App.—San Antonio 2008, pet. denied) (similar).

We next determine whether the trial court should have granted Compass Bank's motion for summary judgment. Compass Bank contends that it presented uncontroverted evidence that it was entitled to foreclosure.

In support of its summary judgment motion, Compass Bank attached the affidavit of its employee David Smith, a "mortgage default specialist." Smith averred that he was a custodian of Compass Bank's records, and he summarized and attempted to authenticate certain purported records regarding the Velas' account:

- the note, which obligated the Velas to repay the principal sum of $113,600, with interest, to Compass Bank over fifteen years;

- the deed of trust signed by the Velas, under which the note was secured by the Velas' house, a particularly described property in McAllen which could be foreclosed through a court order in the event of default;

- certified letters from Compass Bank notifying the Velas of their default and demanding payment, first in September and October 2009, and again in December 2011; and

- a notice of acceleration dated May 2, 2012.

Smith identified Compass Bank as the holder of the note and the deed of trust, and he attested to the Velas' default under both instruments. According to Smith, the balance due and owing under the note was $158,910.72 as of September 23, 2015, and Compass Bank sought judicial foreclosure of its lien in order to mitigate its loss on the Velas' debt.

However, Compass Bank concedes that the Velas executed a general warranty deed to transfer ownership of the subject property to "Aracelia Vela, trustee of The Adolfo

7

and Leticia Vela Family Trust." A general warranty deed passes to the grantee all the rights and interests the grantor holds in the conveyed land unless there is language in the instrument that clearly shows an intention to convey a lesser interest. *Aery v. Hoskins, Inc.*, 493 S.W.3d 684, 700 (Tex. App.—San Antonio 2016, pet. denied) (citing *Farm & Ranch Inv'rs, Ltd. v. Titan Operating, LLC*, 369 S.W.3d 679, 681 (Tex. App.—Fort Worth 2012, pet. denied)). Compass Bank suggests in its appellate brief that this transfer was fraudulent, but Compass Bank has not yet pleaded or proved any theory that would vitiate this transfer or otherwise demonstrate Compass Bank's entitlement to an order of foreclosure against any defendant in this appeal. *See* TEX. BUS. & COM. CODE ANN. § 24.001 *et seq.* (West, Westlaw through 2017 1st C.S.). Accordingly, we may not render disposition in Compass Bank's favor.

We overrule Compass Bank's second issue.

### III. CONCLUSION

Having found that neither party is entitled to summary judgment, we reverse the trial court's order granting summary judgment and remand the matter to the trial court for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
8th day of March, 2018.