FELIPE RODRIGUES ET AL. v. MANUEL TREVINO.

(Case No. 1112.)

1. ATTACHMENT.— One having an interest in personal property seized
under attachment proceedings, to which he is not a party, has his
election to replevy and try his right to it under the statute, to sue
the sheriff for the trespass committed by his wrongful levy, or sue
the purchaser holding under the sheriff's sale.

2. ATTACHMENT.— A party claiming title adverse to that of a defendant
in attachment has no claim to money realized by the sheriff at the
attachment sale. If in equity he could assert a claim to the money
he would have to show a valid excuse for his failure to resort to the
adequate remedies afforded him at law.

3. PARTIES.— In a proceeding against a sheriff and his securities, to re-
cover money in his hands, the proceeds of property sold under
attachment, in a proceeding to which the plaintiff was not a party,
prosecuted on the ground that the plaintiff was a joint owner of
the property sold, the defendant in attachment is a necessary
party.

4. FINAL JUDGMENT.— A judgment against one of three defendants, the
record failing to disclose whether the other two were served, made
a voluntary appearance, or what action was taken regarding them,
is not a final judgment.

APPEAL from Starr. Tried below before the Hon. John
C. Russell.

Suit by Oliviade Leon Rodrigues, her husband, Felipe
Rodrigues, and Antonio Leon de Leon, a minor, against
Manuel Trevino and three others. The petition alleged in
substance, that in 1871 the defendant Manuel Trevino,

and his brother, since deceased, brought suit by attachment in Starr county against Manuel Leon de Leon, which was levied upon a stock of horses, cattle and sheep; that judgment was obtained by the plaintiffs in that suit and defendant appealed; that pending the appeal, at the November term of the district court, 1875, the seized property was ordered to be sold by the sheriff, and the proceeds to be held subject to the future order of the court, under which order the property was sold for $2,491.93; that on September 23, 1878, the mandate of the supreme court was filed, affirming the judgment below against Manuel Leon de Leon; that at the September term, A. D. 1878, the then plaintiff, Trevino, obtained an order against the defendant Pedro Marcelie, then sheriff, and who held the proceeds to pay over the same to him, Trevino.

That at the March term, 1879, the money not having been by him paid over, another order or judgment was obtained against Marcelie Oligio Garcia, one of his sureties, and F. O. Rench, administrator of Jacinto Olivarez, another surety, deceased, upon which, at the time of filing proceedings and motion herein appealed from, there still remained unpaid and in the hands of defendant Marcelie, $800, the balance having been paid to Trevino by the defendant Garcia, surety of Marcelie.

Appellants alleged that they were the part owners and by descent entitled to an undivided interest in the property levied upon and sold, and so of the proceeds thereof, inclusive, to the proportion of five-ninths thereof, and making Trevino, the sheriff Marcelie and his sureties all parties, asking to be allowed to establish such joint ownership; that the amount yet unpaid be paid to them, and defendant Trevino held to account to them for surplus received more than the share of De Leon therein.

The defendant Trevino demurred generally to the petition; his demurrer was sustained. The appellants excepted and appealed.

*M. Wygant,* for appellant.

I. The court erred in sustaining the demurrer of defendant Trevino to petition.   Carter *v.* Wallace, 2 Tex., 209; Smith *v.* Clopton, 4 Tex., 114, 395; Roller *v.* Woolbridge, 46 Tex., 485; Rogers *v.* Nichols, 20 Tex., 719; Thompson *v.* Tennen, 25 Tex. Sup., 61; Walker *v.* McMastin, 48 Tex., 214; Perkins *v.* Harris, 10 Tex., 50; Spencer *v.* Kennard, 12 Tex., 187; Trevino *v.* Stillman, 48 Tex., 566; Byerly *v.* Clark, 48 Tex., 352; Overton *v.* Blum, 50 Tex., 424; Robertson *v.* Guerin, 50 Tex., 323; Freeman on Judgments, 2d ed., pp. 486, 509, 511.

MOORE, CHIEF JUSTICE.— If this case was properly before the court for hearing on the demurrer when the judgment from which this appeal is presented was rendered, it should be affirmed.

If appellants were the owners of the property, or any part of it, which was seized by the attachment in the case of Leon de Leon, they had their election to replevy and try their right to it under the statute; to sue the sheriff for damages for the trespass committed by his wrongful levy, or sue the purchaser, wrongfully holding under the sheriff's sale.

The property was seized and sold as that of the defendant in the attachment.   The purchaser got such title as he had and none other.   Hence, a party asserting title adverse to the defendant in attachment has no claim to the money received by the sheriff for this title.   Even if in equity he could assert a claim to the money received by the sheriff, he would have to show a valid excuse for his failure to resort to the plain and adequate remedies afforded to him at law, and that it was inequitable for the plaintiff in attachment to retain the money paid or adjudged him.   This appellants do not attempt to do in their petition.

Nor were they entitled to a judgment against the sher-

iff's sureties unless he was in default in failing to pay them money in his hands. This, it cannot be pretended, was the case.

The petition was also defective for want of proper parties. The defendant in the original suit, whose interest would certainly be affected if the prayer of the petition could be granted, should have been a party to the suit.

But however clear we are of the opinion that the conclusion of the court, as between appellants and Trevino, is correct, we do not think the record warrants the affirmance of the judgment. The suit, as brought, is against Trevino and three others. The record does not show that these other parties were cited or made a voluntary appearance. Nor is any notice whatever taken of them in the judgment. The case, as to them, is not determined one way or the other. There is, therefore, no final judgment. And the appeal must, for this reason, be dismissed at the cost of appellants.

Dismissed.

[Opinion delivered January 11, 1880.]