## E. S. JAFFRAY & CO. v. LOUIS MEYER ET AL.

### (No. 1093, Op. Book No. 2, p. 715.)

APPEAL from Gregg County.    Opinion by WATTS, J.

· *Statement of the case.*    Jaffray & Co. sued Meyer upon a sworn account for $684.79, and at the same time procured the issuance of an attachment which was levied upon certain merchandise as the property of Meyer. Pending the suit, one Cheek intervened, claiming the merchandise levied on by virtue of a deed of assignment, executed to him as assignee, by Meyer, for the benefit of creditors, which he had accepted, and under which he claimed to have been in possession of the goods when levied on.    Appellants moved to dismiss the intervention on the ground that Cheek's remedy was by trial of the right of property.    This motion was overruled, the attachment vacated, and judgment rendered against appellants for costs.

§ **1350.** *Intervention; essential requisites to the right of.*    The right of Cheek to intervene in the pending cause depended entirely upon the character of his interest in the subject matter of the litigation.    In this state any person competent to sue or be sued may, upon notice to the parties, and by leave of the court, intervene in a pending suit between other parties, where he has an interest in the subject matter of the suit which can be affected by the decree.    [Garrett v. Gaines, 6 Tex. 435; Smith v. Allen, 28 Tex. 498.]    The interest authorizing the intervention must be *an interest in the subject matter of the original suit.*    [Meyberg & Wangelin v. Steagall & Co. 51 Tex. 354; Pool v. Sandford, 52 Tex. 633.]

The seeming confusion which exists in regard to the right of intervention results not so much from the fact that some ancillary writ has been issued in a pending cause, as it does from the fact that the character of interest necessary to authorize an intervention is not properly considered.    The subject matter of this litigation was the

recovery by appellants against Meyer for their debt. The intervenor does not pretend to have any interest in the debt that could be affected by the judgment that might be rendered therein. He asserts no claim to it as against either party, nor any defense whatever against a recovery by appellants. Speaking from the record, this suit did not have for its object, in whole or in part, the foreclosure of any lien upon the specific property subsequently levied upon by the sheriff. The writ of attachment was not issued against any particular property of the defendant Meyer. At the time that writ was issued, Cheek had no interest in the subject matter of the suit; he could not have recovered, in whole or in part, the relief sought by appellants, neither could he, as defendant, have defeated the appellants in obtaining any part of that relief. [Pool v. Sandford, 52 Tex. 633.]

The question as to the right to the particular property levied on was incidentally brought into the suit by a contingency occurring after its commencement. As to whether that or any other property would become involved in the litigation, even incidentally, could, at the time the suit was brought, have been but a matter of surmise or speculation depending upon the action of the sheriff in levying the attachment. The appellee Cheek fails in his plea in intervention to show such an interest in the subject matter of the suit as would authorize him to intervene therein.

§ 1351. *Remedy of the assignee of goods levied on.* The remedy of the assignee of goods levied on by attachment against the assignor is either by trial of the right to the property under the statute, or by suit against the sheriff for damages, or against the purchaser at the sheriff's sale for the recovery of the property. [Rodrigues v. Trevino, 54 Tex. 198.]

The court erred in overruling the general and special exceptions to the plea of intervention.

October 15, 1881.　　　　　　Reversed and rendered.