Opinion by
Will-son, J.
§ 120. Intervention’, interest which pill authorize. It is a well settled rule in this state, that the interest which will authorize an intervention must be an interest in the subject-matter of the suit. [Ryan v. Goldfrank, 58 Tex. 356; Pool v. Sanford, 52 Tex. 621; Rodrigues v. Trevino, *112 54 Tex. 198; Whitman, v. Willis, 51 Tex. 121; Belt v. Raguet, 27 Tex. 182; Burditt v. Glasscock, 25 Tex. Sup. 15; W. & W. Con. Rep. § 1350; Meyberg & Wangelin v. Steagall & Co. 51 Tex. 351.] This suit was instituted by Fisher & Weis to recover of Bogarth rent for a storehouse. A distress warrant was issued and levied upon goods found in possession of Bogarth upon the rented premises. McDonnell & Co. intervened in the suit, alleging that they held a mortgage lien upon the goods, executed to them by Bogarth to secure an indebtedness of over $200, and that this mortgage lien was prior and superior to the landlord’s lien claimed by Fisher & Weis. The goods levied upon were of the value of more than $100. The amount of the rent sued'for was $90. Fisher & Weis excepted to the intervention of McDonnell & Co., which exceptions were overruled. Judgment was rendered for Fisher & Weis for their rent against Bogarth, and in favor of McDonnell & Go. for their debt against Bogarth. McDonnell & Co. ’s mortgage lien was adjudged superior to the landlord’s lien of Fisher & Weis, and it was ordered that the property levied upon be sold and the proceeds first appropriated to the payment of McDonnell & Co.’s debt. Held, that McDonnell & Go. had no such interest in the subject-matter of this suit, which was the amount of rent sued for, as entitled them to intervene, and that the exceptions to their intervention should have been sustained. Their remedy was not by intervention, but by a foreclosure of their mortgage lien, or, in a proper state of case, by injunction.
§121. Subject-matter of a suit and amount in controversy; distinction between; jurisdiction of court of appeals as to amount; evidence dehors the record in support of. There is quite a difference- between the subject-matter of a suit and the amount in controversy in a suit. In this case the subject-matter of the original suit is the indebtedness of Bogarth' to Fisher & Weis, and this was also the- amount in controversy as between them. But the amount in controversy, as between Fisher & Weis and *113 McDonnell & Co., is the value of the property levied upon under the distress warrant, and upon which both parties claim liens. McDonnell & Co.’s lien has no relation to, or connection with, the subject-matter of the suit between Fisher & Weis and Bogarth. This appeal was from the judgment as between Fisher & Weis and McDonnell & Co., and not from the judgment against Bogarth. The controversy in this court is confined to Fisher & Weis on the one side, and McDonnell & Co. on the other, and the matter in controversy is the priority of the liens respectively claimed by them, upon the property levied upon, and therefore the value of that property is the amount in controversy on this appeal, and it being shown that the value of the property exceeds 6100, this court has jurisdiction of the appeal. This court may receive and consider affidavits, or hear other proof, as may be thought proper, to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction. [R. S. art. 1070.] In this case, affidavits showing the value of the property in controversy were received and considered to ascertain the amount in controversy in the suit.
March 8, 1884.
Reversed and dismissed as to intervenors, and affirmed as to Bogarth in favor of Fisher & Weis.