HARTFIELD v. GREBER et al.

(Court of Civil Appeals of Texas. El Paso. Oct. 23, 1912. Rehearing Denied Nov. 20, 1913.)

1. PARTIES (§ 80*)—MISJOINDER—WAIVER OF OBJECTION.

Where, in an action on notes, and to foreclose a mechanic's lien securing the same, the answer filed by the makers of the notes snowed that they relied upon a release by their grantee, the original lienor and payee of the notes, and the defendant present owner of the property did not file any plea for additional parties, he could not complain after judgment because such grantee was not made a party to the action.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 123–131, 170; Dec. Dig. § 80.*]

2. EXCEPTIONS, BILL OF (§ 17*)—SUFFICIENCY —OFFER OF EVIDENCE.

Where a bill of exceptions complained of the exclusion of testimony "offered to prove" certain facts, it was not fatally defective on the ground that it did not show that the witnesses would have testified to the matters "offered to be proved."

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 18; Dec. Dig. § 17.*]

3. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

The exclusion of evidence is harmless where no other verdict could have been rendered had it been admitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

Appeal from District Court, Harris County; E. R. Campbell, Judge.

Action by J. A. Greber against E. S. Clark and others. From judgment for plaintiff, defendant A. P. Hartfield appeals. Affirmed.

Lane, Wolters & Storey, Stanley Thompson, Wm. A. Vinson, and L. C. Ayars, all of Houston, for appellant. Jones & Jones and W. F. Carothers, all of Houston, for appellee.

HARPER, J. This suit was brought by J. A. Greber against E. S. Clark and wife and A. P. Hartfield upon two promissory notes, principal, interest, and attorney's fees, executed by E. S. Clark and wife to F. E. Pye, and afterwards assigned by Pye to Greber, the plaintiff herein, and to foreclose mechanic's lien. Judgment in lower court for $734.21, and foreclosure of lien as against Hartfield; but no personal money judgment against Clark and wife in case the sale of the premises did not satisfy the lien, from which judgment, Hartfield has perfected this appeal.

Plaintiff alleged that April 23, 1906, Clark and wife executed six notes payable to F. E. Pye, and secured same by mechanic's lien on certain lots in Houston and the building then contracted to be constructed; that afterwards Pye assigned the notes and lien to plaintiff; that there were originally six notes, and that four have been paid; that the property was afterwards conveyed by Clark and wife to Pye, and in turn by Pye to Hartfield, defendant in this cause, and prayed judgment for principal, interest, attorney's fees, and foreclosure of lien.

Defendants Clark and wife pleaded general denial, and specially that they conveyed the premises to Pye in liquidation and settlement of their said indebtedness; that said Pye assumed the payment of the notes as a part of the consideration to them for the property; that the plaintiff was so informed, and agreed to release them from further liability; that more than two years have elapsed since this agreement; that the property is sufficient in value to pay the amounts due; and that Pye has since become insolvent.

Defendant Hartfield pleaded general denial, and specially denied that any improvements were put upon the premises, for which the lien was executed, and, if he is mistaken in this, that they were not erected in accordance with the plans and specifications; that the contract price as claimed was $1,208, but that all the improvements put upon the lots did not exceed in value $250; that plaintiff had full knowledge of this fact; that, if he purchased the notes, he did so upon the personal ability and liability of Pye, and did not rely upon the value of the premises; that said lien is void because the contract for improvements did not set out the kind nor quality of improvements, etc.

The facts necessary to a proper disposition of the assignments of error we quote as follows: E. S. Clark and wife executed and delivered to F. E. Pye their six promissory

notes for the erection by him of a house and other improvements at his expense on certain lots in the town of Houston Heights in Harris county, Tex. At the same time Clark and wife executed and delivered a mechanic's lien on the said lots and improvements to the extent of the indebtedness evidenced by said notes; said lien was filed of record. That thereafter said Pye in writing assigned said notes and lien to J. A. Greber; that after said assignment Clark and wife conveyed the property to Pye, and in turn Pye sold to appellant Hartfield, who did not assume the payment of the notes; and the jury found (that Pye and) Greber released Clark and wife from liability upon the notes sued on.

The question as to whether the builder substantially complied with his contract in the construction of the building so as to fix the lien upon a homestead was answered by the jury in the affirmative.

Judgment was rendered for Greber for the notes sued on against Clark and wife, the original makers, without execution, and against all parties to the suit foreclosing the lien. Pye was not made a party to the suit. From this judgment, Hartfield has appealed, and urges two reasons in his three assignments of error why the judgment should be reversed: First, because the only person primarily liable on the notes was Pye, and he is not a party to the suit, therefore there was no person against whom judgment for the debt could be rendered, therefore no basis in the record for the foreclosure of the lien; and, second, that it was a question of fact whether there was a substantial compliance with the contract, and that the court erred in excluding the proffered testimony of the witnesses. The original makers, E. S. Clark and wife, were made parties, as well as Hartfield.

[1] It having only developed by the evidence that Clark and wife had been released from liability, and Hartfield not having filed any plea for additional parties, although Clark and wife gave notice by their answer that they relied upon a release, the appellant will not be heard to complain of nonjoinder of the parties after judgment. It comes too late. McShan v. Watlington, 133 S. W. 722; De Perez v. Everett, 73 Tex. 431, 11 S. W. 388. We think this case clearly distinguishable from Walter v. Dearing, 65 S. W. 380, Railway Co. v. Davis, 37 Tex. Civ. App. 342, 83 S. W. 883, and Railway Co. v. Peek, 102 S. W. 776.

[2] The bill of exceptions upon which the other assignment of error is based reads: "Be it remembered that upon the trial of the above-numbered and entitled cause, and while the witnesses T. J. Sanderson, F. A. Gaedke, John Loestch, and A. W. Newman were on the stand testifying in behalf of the defendant A. P. Hartfield, and after each of said witnesses had qualified as being expert contractors and mechanics, and after each had stated that they had made an inspection of the Hartfield residence, the place in controversy, and had made an estimate of the amount of material in the house, and an estimate of the labor to construct same, based upon the price of material and labor at the time the house was constructed, the defendant A. P. Hartfield offered to prove by each of said witnesses that the entire cost of said house as completed at the time it was built would not exceed the sum of $300, to which testimony the plaintiff then and there objected, because the witness T. J. Sanderson shows that he never saw the house until three years after it had been built, and had never seen the inside of the house, and F. A. Gaedke had never inspected the house until March 3, 1910, about four years after it was built, and because each and all of said witnesses first above named had shown that they had neither ever seen the plans and specifications for said house or the contract under which it was built between the contractor and owner, and were therefore not qualified to testify as stated, and could not testify that said house was not built in substantial compliance with the plans and specifications and contract, and because said testimony as to the cost of the said house, or what it could be built for, was wholly immaterial, irrelevant, and incompetent, and did not show, nor tend to show, whether or not the improvements in question had been built in substantial compliance with the plans and specifications and contract made between the contractor and owner."

This bill of exceptions is objected to because it does not show that the witnesses would have testified to the matters "offered to be proved." The bill is not as clear as it should be; but under the authorities we hold it sufficient to enable us to consider the assignment. We have carefully considered the reasons given in the bill for excluding the testimony, and are of the opinion that it was not error to sustain the objection.

[3] But, if the testimony had been admitted, we are of the opinion that no other verdict could have been rendered, with the evidence in, than that which was rendered, and therefore the assignment should be overruled.

Finding no error in the record, the judgment of the lower court is in all things affirmed.