J. I. CASE THRESHING MACH. CO. v. LIPPER. (No. 482.)

(Court of Civil Appeals of Texas. El Paso. Oct. 28, 1915.)

APPEAL AND ERROR ☞79—DECISIONS REVIEWABLE—FINAL JUDGMENTS.

Where, in an action upon a note asserting a lien on an automobile, in which a number of parties are made defendants as asserting an interest, and by intervention, neither the judgment below nor the record on appeal shows any disposition of the issues between some of the parties plaintiff and defendant, the appeal must be dismissed, since it is not a final judgment so as to give jurisdiction to the Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484–493; Dec. Dig. ☞ 79.]

Appeal from District Court, Harris County; N. G. Kittrell, Special Judge.

Suit by J. S. Jarrell against James J. Gorman on a promissory note and chattel mortgage. J. L. House, Thornton Hamilton, and O. M. Lipper were made parties defendant, as asserting an interest in the mortgaged automobile. The J. I. Case Threshing Machine Company intervened, asserting a prior lien on the automobile. The intervener having sequestered the automobile, judgment was rendered in favor of Lipper against the intervener, but was silent as to the issues between Jarrell and Gorman, and as to lien rights between Jarrell and Lipper. Intervener appealed from such judgment. Appeal dismissed.

A. B. Wilson and Cole & Cole, all of Houston, for appellant. Lawrence Sochat, of Houston, for appellee.

WALTHALL, J. [1] This suit was originally filed by J. S. Jarrell against James J. Gorman on a promissory note for $2,000, asserting a chattel mortgage lien upon certain automobiles, among which was the one involved in this controversy. J. L. House, Thornton Hamilton, and appellee, O. M. Lipper, were made parties defendant, as asserting some claim to certain of the automobiles upon which plaintiff Jarrell claimed the lien.

Appellant, the J. I. Case Threshing Machine Company, a corporation, intervened in the suit, asserting a prior lien upon one of the automobiles by reason of the execution and delivery by defendant Gorman of a certain chattel mortgage to intervenor to secure the payment of the purchase price of said automobile.

Appellee, Lipper, was in possession of the automobile at the time the intervention was filed, claiming to be the owner thereof by reason of his having purchased it from defendant Gorman, paying a valuable consideration therefor. The automobile in question was sequestered by intervener, and on the trial before the court without a jury judgment was rendered in favor of appellee, Lipper, and against appellant intervener, for $850, as the value of the automobile sequestered. Pursuant to a written agreement, defendants Hamilton, House, "and the intervener John Walker" were "dismissed out of this cause, and go hence without day; all costs as to said defendants and intervener to be adjudged against Walker, intervener."

The appeal was taken by appellant from the judgment rendered against it in favor of appellee, Lipper, for the value of the one car in controversy between appellant and appellee. The judgment rendered in the case is as follows:

"Be it remembered that on this, the 16th day of October, came on to be heard the above-entitled cause, upon the intervention of the J. I. Case Threshing Machine Company, as between them and the defendant O. M. Lipper; and both parties appearing by counsel, and the court, having heard the witnesses and argument, and having examined the authorities submitted, is of the opinion that the law is with the defendant Lipper; wherefore it is ordered, adjudged, and decreed that the defendant Lipper do have and re-

cover of the J. I. Case Threshing Machine Company the sum of $850, with interest at 6 per cent. from the 14th day of November, 1913, as the value of the car taken by them on the sequestration, and together with all costs in this behalf incurred, for all of which let execution issue against the said J. I. Case Threshing Machine Company and the sureties on both the sequestration bonds and the replevy bond, jointly and severally—to which judgment, the said J. I. Case Threshing Machine Company excepted and·gave notice of appeal."

Neither the judgment nor the record in this court show what order or disposition, if any, was made in the trial court of the plaintiff Jarrell or the defendant Gorman, or of the issues as between them, nor of the asserted mortgage lien as between Jarrell and Lipper. Jarrell sued to recover judgment against Gorman on a promissory note, and asserted a mortgage lien on other property than the one car claimed by the appellant. The judgment does not dispose of either the parties or the issues between Jarrell and Gorman, and between Jarrell and Lipper, and is not a final judgment.

For the reasons stated, this court is without jurisdiction, and the appeal is dismissed.