HARTFIELD v. GREBER et al.
(No. 22–2641.)

(Commission of Appeals of Texas, Section A. Dec. 21, 1918.)

1. MORTGAGES ⟺427(1) — FORECLOSURE — DEBTOR AS PARTY.

In suit to foreclose mortgage at common law, it is unnecessary to make debtor a party where he has parted with his interest in property, unless personal judgment against him is sought; plaintiff may proceed against purchaser of property alone, establish his debt, and subject property to payment.

2. MECHANICS' LIENS ⟺263(1) — SUIT TO FORECLOSE—ORIGINAL CONTRACTOR AS NECESSARY PARTY.

Original contractor, payee of notes and beneficiary of mechanic's and builder's lien, who subsequently purchased property, as part consideration assuming payment of notes, was not necessary party to proceedings to foreclose lien in sense that failure to make him party rendered foreclosure void.

3. MECHANICS' LIENS ⟺264(1) — SUIT TO FORECLOSE — RIGHT TO MAKE ORIGINAL CONTRACTOR PARTY—WAIVER.

Purchaser of property subject to mechanics' lien, in suit by indorsee of notes upon them and to enforce lien, had right on timely application to make party original contractor, who subsequently purchased property from original owner, who gave notes and lien, but waived right by proceeding to trial without making application.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by J. A. Greber against E. S. Clark, A. P. Hartfield, and others. From judgment for plaintiff, defendant Hartfield appealed to the Court of Civil Appeals, which affirmed (160 S. W. 603), and he brings error. Affirmed on recommendation of the Commission of Appeals.

Lane, Wolters & Storey, Stanley Thompson, and Wm. A. Vinson, all of Houston, for plaintiff in error.

Jones & Jones, of Houston, for defendants in error.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

STRONG, J. Defendant in error, Greber, sued E. S. Clark and wife on two notes executed by them and to foreclose a mechanic's lien on certain lots in Houston Heights, Harris county. Plaintiff in error was made a party defendant as a subsequent purchaser of the property.

The record discloses that Clark and wife contracted with F. E. Pye to build a house on the lots, and as a part of the consideration executed the two notes sued on, and at the same time executed a mechanic's and builder's lien on the lots and improvements to be made, to secure the payment of the notes. Pye sold and indorsed the notes before maturity to Greber. Thereafter Pye purchased the property from Clark and wife, and as a part of the consideration assumed the payments of the notes. Pye later sold the property to plaintiff in error, Hartfield. Hartfield, however, did not assume payment of the notes.

Clark and wife, in their answer, alleged that, when they sold the property to Pye, Greber released them from further liability on the notes. Hartfield answered by general denial and specially that the improvements were not made in substantial compliance with the contract, and that Greber had full knowledge of this fact when he purchased the notes. Pye was not made a party to the suit.

In answer to special issues submitted, the jury found that Greber had released Clark and wife from liability on the notes, and further found that Pye substantially complied with his contract in the construction of the building so as to fix a lien on the homestead. The trial court rendered judgment in favor of Greber for the amount due on the notes against Clark and wife, directing that no execution issue against them, foreclosed the lien against all defendants, and ordered the sale of the property in satisfaction of the judgment. The judgment of the trial court was affirmed by the Court of Civil Appeals. 160 S. W. 603.

It is contended by plaintiff in error that the court was without authority to render judgment foreclosing the lien, because there was no party to the suit against whom judgment for the debt could be decreed; in other words, that Pye was a necessary party to the suit.

It is not contended, nor does the record disclose, that Pye was a necessary party by reason of being the original contractor in the contract for the improvements. The rule announced in Railway v. Rucker, 59 Tex. 587, therefore has no application.

[1] It is a well-settled rule of the common law that, in a suit to foreclose a mortgage, it is not necessary to make the debtor a party to the suit, where he has parted with his interest in the property, unless a personal judgment is sought against him. The plaintiff in such suit may proceed against the purchaser of the property alone, establish his debt, and subject the property to the payment thereof. Jones on Mortgages (5th Ed.) vol. 2. § 1404; 9 Enc. Plead. & Prac. 332; Storey, Eq. Plead. § 197; Buchannan v. Monroe, 22 Tex. 537; Jones v. Smith, 55 Tex. 383; Puckett v. Reed, 3 Tex. Civ. App. 350, 22 S. W. 515. This rule has been applied in this state in tax suits. Slaughter v. City of Dallas (Civ. App.) 103 S. W. 218; League v. State (Civ. App.) 56 S. W. 262. In other jurisdictions the rule is held to apply in a proceeding to enforce a mechanic's lien. Rose v. Persse, 29 Conn. 256; McCormick v. Lawton, 3 Neb. 449; Kellenberger v. Boyer, 37 Ind. 188; Harrington v. Miller, 4 Wash. 796, 808, 31 Pac. 325.

[2, 3] In our opinion, Pye was not a necessary party to the foreclosure proceedings, in the sense that the failure to make him a party renders the judgment of foreclosure void. Plaintiff had the right to sue Hartfield as a subsequent purchaser of the property upon which he held a lien, establish his debt and enforce his lien against the property, without making Pye, his debtor, a party to the proceedings. Jones on Liens (3d Ed.) vol. 2, § 1578; Phillips on Mechanics' Liens, § 396. In such proceeding Hartfield could urge any defense to defeat the lien that Pye could have urged had he been a party to the suit. Plaintiff in error had the right, upon timely application, to make Pye a party to the suit, but he waived this right by proceeding to trial without making such application. Railway v. Peek, 102 S. W. 776. The effect of the court's judgment was to establish plaintiff's debt and subject the property to the lien. In this we think there was no error.

We think the other assignments were properly disposed of by the Court of Civil Appeals.

We are of opinion that the judgments of the Court of Civil Appeals and trial court should be affirmed.

PHILLIPS, C. J. The judgment by the Commission of Appeals in the above case is adopted and will be entered as the judgment of the Supreme Court.