**BONHAM WHOLESALE GROCERY CO. v.
MYRICK et al.   (No. 3268.)**

(Court of Civil Appeals of Texas.   Texarkana.
June 9, 1926.   Rehearing Granted
June 17, 1926.)

1. **Vendor and purchaser** ⨺279—**In cross-action to foreclose lien of vendor's lien note, where defendant in cross-action was in exclusive possession, and maker of note had parted with title to land, maker is not necessary party.**

In cross-action to foreclose lien of vendor's lien note, where defendant in cross-action, claiming to be absolute owner, was in exclusive possession of land, and maker of note had parted with his title to land, maker is not a necessary party.

On Rehearing.

2. **Appeal and error** ⨺79(1).

In trespass to try title, wherein some of defendants were not cited, and did not make a voluntary appearance, and judgment took no notice of them, judgment is not final, and appeal therefrom will be dismissed.

Appeal from District Court, Fannin County;   Geo. P. Blackburn, Judge.

Trespass to try title by the Bonham Wholesale Grocery Company against Lou Myrick and others in which the named defendant filed cross-action. From the judgment, plaintiff appeals. Appeal dismissed.

Cunningham & Lipscomb, of Bonham, for appellant.

Fred S. Rogers, of Bonham, for appellees.

LEVY, J.   [1] The appellant brought the suit against Mrs. Lou Myrick in trespass to try title to 45.75 acres of land. The real object of the suit was to have removed a cloud upon the title to the land, alleged to have been created by a certain vendor's lien note payable to Mrs. Lou Myrick. The note was executed by Earl Myrick. The substantial controversy was as to whether or not the vendor's lien note was satisfied and canceled prior to the time the appellant purchased the land. Mrs. Myrick pleaded the lien, and by cross-action sought to have it foreclosed as against the appellant. The maker of the note was not made a party to the suit. In keeping with the verdict of the jury, the court entered judgment in favor of the appellant for the title to the land, but subject to a foreclosure of the vendor's lien in favor of Mrs. Myrick. No personal judgment was rendered against appellant for the amount of the note.

The pertinent point on appeal is whether or not the maker of the note in the circumstances of the case was a necessary party to the foreclosure of the lien. Lou Myrick, as owner of the land, on October 20, 1922, conveyed the land in suit to her son, Earl Myrick. As a part of the consideration, Earl Myrick executed and delivered his note for $3,000. The note recited that it was given in part payment of the land. The face of the deed did not expressly retain a lien to secure the payment of the note. On October 18, 1923, Earl Myrick and wife conveyed the land to C. S. McFarland. Mr. McFarland did not assume the payment of the note. On August 4, 1924, C. S. McFarland and wife conveyed the land to the appellant. The appellant did not assume the payment of the note. The note was past due, and in part unpaid at the time of the suit, as appears to be a finding of fact. The appellant was in the exclusive possession of the land, and claiming to be the absolute owner.

The answer set up a good defense in the circumstances, so far as the rights of Mrs. Myrick were sought to be affected. The appellant's action sought to relieve the title to the land of the cloud over it of the apparently existing lien in virtue of the unpaid purchase money evidenced by the note. The very nature of the suit required of Mrs. Myrick either to assert or relinquish her

---

⨺ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

claim of lien against the land. If she had not made such defense, she would have been barred of any right thereafter to enforce the lien. And in the circumstances no legal reason is perceived why the maker of the note was a necessary party to the suit; a mere foreclosure of the lien on the land being adjudged with no personal judgment on the note against appellant. The maker of the note had parted with all his right and title to the land, and the appellant, claiming to be the absolute owner, was in exclusive possession of the premises. Sewell v. Spitzer (Tex. Com. App.) 234 S. W. 1083; Hartfield v. Greber (Tex. Civ. App.) 207 S. W. 85. The pleadings were legally sufficient to support the judgment.

The judgment is affirmed.

### On Rehearing.

[2] The appellant now urges that its appeal be dismissed because there is no final judgment in the case. This condition of the record was not brought to the attention of this court in the first instance. The suit, as brought, is against Mrs. Lou Myrick, Alvin Waters, and John Waters. The record does not show that the last two parties were not cited or did not make a voluntary appearance, or that any notice whatever was taken of them in the judgment. The case as to them is not determined one way or the other. The judgment, therefore, is not a final one, and this court cannot do otherwise than dismiss the appeal. Rodrigues v. Trevino, 54 Tex. 198; Cock v. Marshall Gas Co. (Tex. Civ. App.) 224 S. W. 527; J. I. Case Threshing Machine Co. v. Lipper (Tex. Civ. App.) 179 S. W. 701; Wootters v. Kauffman, 67 Tex. 488, 3 S. W. 465. Accordingly the former judgment of this court is set aside, and the present appeal is dismissed.