## KNOTT et al. v. MOUNT.

### No. 3504.

Court of Civil Appeals of Texas. El Paso.

March 18, 1937.

Rehearing Denied April 8, 1937.

J. M. Shamblin and H. W. Carothers, both of Houston, for appellants.

H. P. Parks and J. Russell Mount, both of Houston (James G. Sargent, of Houston, of counsel), for appellee.

NEALON, Chief Justice.

J. Russell Mount, plaintiff below, brought suit against Thomas Broyles and Eula Knott and husband, A. R. Knott. He declared upon a promissory note and deed of trust and sought recovery of a personal judgment against Thomas Broyles for the principal of the note, together with interest and attorney's fees, and foreclosure of the deed of trust lien as against all parties. The land to which the lien of the deed of trust attached is located in Harris county. The note and the deed of trust intended to secure its payment were dated September 6, 1928, originally payable to William L. Reynolds, and by him transferred to appellee.

The petition did not allege that appellants Eula Knott and A. R. Knott, or either of them, owned or claimed any interest in the land or that they had or claimed any rights in the land, subordinate to the deed of trust or otherwise, or that they had in any way become liable for the debt.

No service of process upon Broyles was had.

Appellants answered by general demurrer and general denial.

The evidence introduced upon the trial consisted of (1) the note; (2) the assignment of the note and deed of trust; (3) the deed of trust; (4) testimony of appellee that he had several times attempted to collect the note, that Mr. Knott had put him off, and wasn't able to pay him and said he couldn't pay him; that he (appellee) had placed the note in the hands of an attorney for collection and agreed to pay 10 per cent. attorney's fee; that he was then asking that the lien be foreclosed.

Defendants moved for an instructed verdict in their behalf, which, being refused, they duly excepted. The jury, being so instructed, returned a verdict against appellants, A. R. Knott and Eula Knott; upon which the court entered judgment in favor of plaintiff (appellee) against all parties for foreclosure of his lien in the amount prayed for against the property described in plaintiff's pleading. No judgment was awarded otherwise against Thomas Broyles; the judgment reciting that "the cause is dismissed against Thomas Broyles."

. Opinion.

■ 1. By appropriate assignments of error appellants challenge the verdict and judgment upon the ground that there is neither pleading nor proof of a lien against appellants. The purport of both pleadings and evidence has been stated, and it is clear that appellants' views are correct. It is impossible to tell from either pleading or proof whether appellants claim any interest in the land, or, in the event they make such claim, whether it is subordinate or superior to the deed of trust lien. Citation of authorities is unnecessary.

■ 2. The debtor (payor in note) was not before the court. He had not been served with process. The judgment as to him, therefore, is a nullity if he still holds title to the property. To come within the rule that the mortgagor need not be made a party defendant it is necessary that he shall have parted with title. Slaughter v. City of Dallas (Tex.Civ.App.) 103 S.W. 218; Hartfield v. Greber et al. (Tex.Com.App.) 207 S.W. 85.

This was neither pleaded nor proved.

Judgment is reversed and the cause remanded.

On Rehearing.

■ In their motion for rehearing appellants assert that this court erred in its statement to the effect that the trial court entered judgment in favor of appellee against "all parties" for foreclosure of his lien in the amount prayed for against the property described in plaintiff's pleadings.

In entering judgment the trial court adjudged that plaintiff "do have and is awarded foreclosure of plaintiff's lien in the amount of 766.30 Dollars on the above described property as such lien existed on 6th day of September, 1928." This was the date of the deed of trust from Broyles to secure the note payable to Reynolds. It was further ordered that the order of sale shall have the force of a writ of possession as between the parties to "this suit" and any person claiming under the said defendant (without indicating which defendant) by any right acquired pending this suit.

We construe this to be a foreclosure as against all who were named as parties defendant, and we construe the later recital that on account of want of service the cause is dismissed as against Thos. Broyles, to be a dismissal of the prayer for personal judgment.

The motion for rehearing is overruled.