**John L. PEREIRA, Jr., Trustee, et al., Appellants,**

v.

**GULF ELECTRIC COMPANY et al., Appellees.**

No. 3783.

Court of Civil Appeals of Texas.

Waco.

Dec. 29, 1960.

Rehearing Denied Jan. 26, 1961.

J. A. Copeland, H. J. Bernard, Houston, for appellant.

Roberts, Baker, Richards, Elledge & Herd, Carl J. Rector, Edwin H. Frank, Jr., Allan J. Showers, Houston, for appellee.

McDONALD, Chief Justice.

The principal question in this case is whether the Trial Court correctly found and enforced a Mechanic's and Materialman's lien against a tract of land on which was constructed a dwelling house. Parties will be referred to as in the Trial Court or by name.

McCaine Development Company, (whose principal officers were J. M. McCaine and Edward Keeton), built the house involved in this case. Such house was completed prior to 15 August, 1956, and McCaine Development Company was in possession of the property at all times material to this

case up to 31 October, 1956. Pereira Plumbing Company and Security Lumber Company furnished labor and materials for such house for which they were not paid. Gulf Electric Company (one of whose officers was Ernest Keeton), furnished labor and material for the electrical work for such house, and they were not paid.

On 13 June, 1956, McCaine Development Company deeded the property to John Pereira, Jr. and Allen Showers, Trustees for benefit of Pereira Plumbing Company and Security Lumber Company (in satisfaction or security of moneys owed to them). Such deed was held by Trustee Showers (attorney for McCaine Development Company) until 9 October, 1956, when same was filed for record.

On 4 October, 1956, Gulf Electric Company filed its Materialman's and Mechanic's lien in the amount of $4,346.35, for record.

On 31 October, 1956, Trustees Pereira and Showers sold the property to Crawford C. Jackson. When sale was made to Jackson, $5,000 was withheld from the purchase price, and held in escrow by American Title Company, until Gulf Electric Company's lien could be released of record by judgment or payment.

This suit was filed on 19 December, 1957, by Pereira Jr., Trustee, Crawford C. Jackson, Security Lumber Company, and Pereira Plumbing Company, as plaintiffs, against Gulf Electric Company, McCaine Development Company, Edward Keeton, J. M. McCaine, and Ernest Keeton, as defendants, as a suit to quiet title to the property in Jackson, and for cancellation of the record lien in favor of Gulf Electric Company. (Such suit was in 2 counts: 1) conventional trespass to try title; 2) for cancellation of the mechanic's lien of record on the ground that such was false, fraudulent, and fictitious by reason of the facts).

Defendants were all served with citation. McCaine Development, J. M. McCaine and Edward Keeton filed no answer and from the record it appears that they are insolvent.

Gulf Electric and Ernest Keeton answered by a plea of Not Guilty, various denials, and filed cross action on 13 August, 1958 against the original plaintiffs, McCaine Development, J. M. McCaine, Ernest Keeton, and American Title Guaranty Company, asserting an indebtedness against McCaine Development (J. M. McCaine and Edward Keeton), for $4,346.65 for the electrical work on the house, and mechanic's and materialman's lien for such amount on the premises. Gulf Electric and Ernest Keeton as cross plaintiffs, prayed for judgment in the sum of $4,346.65, and for the foreclosure of said lien. Pereira, Trustee, Jackson, Security Lumber, and Pereira filed denials; American Title Guaranty Company filed a pleading stating that it was a stakeholder as to the $5,000, and prayed for $250 attorney's fees, and instructions as to whom to deliver the $5,000. McCaine Development, Edward Keeton, J. M. McCaine were never served and entered no appearance in the case.

Trial was to a jury which found:

1) Gulf Electric and McCaine Development entered into an agreement under which Gulf Electric was to furnish labor and materials to be used in construction of the house here involved.

2) As a part of such agreement, indebtedness for such labor and materials should become due when the house sold, but no later than 15 August, 1956.

3) On 4 October, 1956, McCaine Development Company was indebted to Gulf Electric Company for such labor and materials furnished.

4) Such indebtedness amounted to $4,-346.65.

The Trial Court, on 11 January, 1960, rendered judgment on such verdict for Gulf Electric on its cross action for $4,346.-65, and in addition, $779.54 as interest at the rate of 6% from 1 January, 1957; decreed that Gulf Electric's lien was a paramount lien on the property; decreed that American Title Guaranty deliver the $5,000 (less

$250.00 for attorney's fees) in its possession to Gulf Electric; decreed that Jackson owned the property subject to Gulf Electric's lien; and decreed foreclosure on the property to satisfy some $376.19 remaining unsatisfied and due Gulf Electric.

Original Plaintiffs and Cross Defendants, Pereira, Jr., Trustee, Jackson, Security Lumber and Pereira Plumbing Company appeal, contending:

The Trial Court committed fundamental and reversible error:

1) In decreeing foreclosure in favor of Gulf Electric for its alleged debt when McCaine Development Company, J. M. McCaine, and Edward Keeton were not served and were not before the court.

2) In rendering judgment when the alleged debt and purported lien were barred by the Two Years Statute of Limitations.

3) In permitting Gulf Electric to recover $779.54 interest.

4) In not submitting certain special issues requested by them.

5) In rendering judgment when the undisputed evidence shows the electric materials and labor were charged to Edward Keeton and not the McCaine Development Company.

 We revert to Cross Defendants' (Appellants') 1st contention. Appellants here assert that a lienholder cannot waive personal judgment against the creators of a lien on real property, (who have subsequently transferred the property), and proceed directly "in rem" against the property. The law does not require the inclusion of the landowner who has entered into a contract for improvements, and later divests himself of all title, to be made a party to an action to foreclose such lien. It is not mandatory to secure a personal judgment before obtaining a judgment of foreclosure against the property involved. One holding such a lien has the right to elect to seek personal judgment and foreclosure,

or to elect to rely on an "in rem" proceeding subjecting only the security as payment of the debt. This was done and properly so. A former owner is a proper party, but is not a necessary party in such an "in rem" proceeding. See: Hartfield v. Greber, Tex.Com.App., 207 S.W. 85, opinion adopted; Sterling National Bank & Trust Co. v. Ellis, Tex.Civ.App., 75 S.W.2d 716, W. E. Dis.; Knott v. Mount, Tex.Civ.App., 103 S.W.2d 1060 no writ; Pennoyer v. Neff, 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565.

 Appellants' 2nd contention is that the debt and purported lien were barred by the 2 Year Statute of Limitations. The debt was due not later than *15 August, 1956.* Cross Plaintiffs' cross action was filed on *13 August 1958.* The cross action was timely filed within the 2 year period, and was therefore not barred by such statute.

 Appellants' 3rd contention is that the Trial Court erred in allowing cross plaintiffs' recovery of *$779.54* interest over and above the *$4,346.65* when they did not pray for the recovery of any interest on such claimed indebtedness.

Cross plaintiffs prayed for judgment for their debt in the sum of *$4,346.65.* There is no prayer for interest nor a claim for damages in such sum as to include interest coupled with a prayer for general relief. For a recovery of interest to be sustained in this situation, it must have a basis in the pleadings. Presumably the cross plaintiffs knew the extent to which they had been damaged, or in any event, knew what damages they wished to recover. When there is neither a prayer for interest, nor a prayer for general relief and a claim for damages in such sum as to include interest in addition to the specific damages claimed, interest may not be allowed. Christie v. Harris County Fresh Water Supply District, Tex.Civ.App., 317 S.W.2d 219, W/E Ref. n.r.e.; 17 Tex.Jur.2d Sec. 200, p. 266; 13 Tex.Jur. Sec. 264, 265, p. 444. We think the award of $779.54 interest by the Trial Court error.

Appellants' 4th contention is that the Trial Court erred in not submitting certain special issues requested by them. Cross plaintiffs requested an issue inquiring if "Gulf Electric, Ernest Keeton, Rex G. Baker, Jr. (an officer of Gulf Electric) under all the facts and circumstances in evidence had constructive notice and knowledge of, and by the exercise of reasonable diligence and prudence could and should have had notice and knowledge of the deed from McCaine Development Company to Showers and Pereira, Jr., Trustee, prior to October 4, 1956."

The record reflects that such deed was executed on *13 June, 1956,* but kept in the possession of Showers, Trustee, who was also attorney for McCaine Development Company until *9 October, 1956,* when same was filed for record.

We think the Trial Court correct in not submitting such issue. There was no evidence that Gulf Electric or any officer of such company had actual knowledge of the execution of such deed. The law does not provide for constructive notice except by the filing for record; nor under the circumstances herein, that Gulf Electric or its officers, exercise any diligence whatever to gain knowledge of such action. Further to the above, the issue as requested is duplicitous and multifarious.

Appellants' 5th contention is that the undisputed evidence is that Edward Keeton was charged with the electrical labor and materials, and not McCaine Development Company. The great weight and preponderance of the evidence supports the construction and conclusion of the Trial Court that the labor and material were charged to McCaine Development.

All of appellants' points and the contentions thereunder have been carefully considered and are overruled, except contention 3 relative to the allowance of the $779.54 interest by the Trial Court, which contention is sustained.

The judgment of the Trial Court is reformed to the extent that the $779.54 item for interest is deleted from the recovery awarded to Gulf Electric Company, and the order of sale, ordered issued is set aside. It is ordered that $403.35 of the $4,750 tendered into court by American Title Guaranty Company be returned to cross defendants (less interest from 11 January, 1960, on the $4,346.65).

Costs of appeal are adjudged against cross plaintiffs.

Reformed and affirmed.