The CITIZENS NATIONAL BANK IN ABILENE, et al., Appellants,

v.

CATTLEMAN'S PRODUCTION CREDIT ASSOCIATION, Appellee.

No. 6279.

Court of Civil Appeals of Texas, Waco.

May 14, 1981.

David G. Stubbeman, Wagstaff, Harrell, Alvis, Batjer, Stubbeman & Seamster, Abilene, for appellants.

William E. Adams, Senterfitt, Adams, Miller & Childress, San Saba, for appellee.

HALL, Justice.

This is a venue case. The parties are plaintiff-appellee Cattleman's Production Credit Association and defendants-appellants Valhi, Inc., and The Citizens National Bank In Abilene, Abilene, Texas. The venue statutes in question are Exception 12 of article 1995, Vernon's Tex.Civ.St., and 12 U.S.C. § 94. These statutes provide as follows:

Exception 12. "Lien.—A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

12 U.S.C. § 94. "Venue of suits. Actions and proceedings against any [national bank] may be had . . . in any State, county or municipal court in the county or city in which said [bank] is located having jurisdiction in similar cases."

Plaintiff filed this suit in August, 1979, in Llano County for determinations and declarations of the rights and liabilities of the parties surrounding a deed of trust lien claimed by plaintiff on land located in Llano County. Defendants filed pleas of privilege to have the actions against them transferred to the counties of their respective residences. Bank claimed Taylor County; Valhi claimed Dallas County. Plaintiff controverted the pleas of privilege, asserting that venue was proper in Llano County as to both defendants under Exception 12 of the venue statute. In both controverting pleas, plaintiff alleged: "This is an action for the foreclosure of a lien in the form of a declaratory judgment" and that the land in question is situated in Llano County.

Trial was to the court without a jury. The parties stipulated that the land in question is in Llano County, the county of suit. Plaintiff's original petition and controverting pleas were introduced into evidence "to show the nature of the suit, but not for the truth of any matters stated therein." No other evidence was adduced.

Judgment was rendered overruling the pleas of privilege. Defendants brought this appeal. We affirm the judgment.

The essential venue facts under Exception 12 are (1) that the nature of the suit is one for foreclosure of a lien, and (2) that the property subject to the lien is situated in the county of suit. *Pierson v. Pierson*, 136 Tex. 310, 150 S.W.2d 788, 790 (1941). The first is a question of law, to be determined from the allegations in plaintiff's petition. It is the "ultimate or dominant purpose" of the suit, as pleaded, that controls this determination. *Pinkston v. Johnson*, 578 S.W.2d 184, 185 (Tex.Civ.App.—Waco 1979, no writ); *Texaco, Inc. v. Gideon*, 366 S.W.2d 628, 631 (Tex.Civ.App.—Austin 1963, no writ). The second is a fact question which plaintiff must prove by extrinsic evidence at the venue hearing. *Cactus Drilling Co. v. Ozark Gas & Oil Co.*, 546 S.W.2d 628, 630 (Tex.Civ.App.—San Antonio 1977, writ dism.). In our case the second venue fact was proved by the parties' stipulation. For reversal, defendants contend that plaintiff's petition does not plead a suit for lien foreclosure.

The facts alleged in plaintiff's petition may be summarized as follows: E. Doyle Thomas purchased the land in question (several hundred acres) in January, 1974, from the Crownover family. The consideration was $70,000.00 cash and a vendor's lien note executed by Thomas in the principal sum of $319,425.00 payable to the Crownovers in annual installments of $21,-295.00, plus interest due on the note. Plaintiff advanced to Thomas and paid to the Crownovers the $70,000.00 cash down payment in January, 1974. Plaintiff also advanced to Thomas and paid to the Crownovers the following payments on the note: January, 1975, $23,563.07; January, 1976, $45,251.88; January, 1977, $43,654.75; January, 1978, $42,051.63. In July, 1974, Thomas executed a deed of trust on the land in question in favor of defendant Bank securing the payment of a promissory note in the

principal sum of $65,000.00. In January, 1976, Thomas executed a deed of trust on the land in favor of plaintiff securing payment of a promissory note of even date in the principal sum of $998,413.97, which included the advancements made and to ·be made by plaintiff to the Crownovers, totaling $276,912.70 as of October 1, 1978. In March, 1978, Thomas executed a second deed of trust in favor of defendant Bank on the subject property securing a stated indebtedness of $384,172.96 and all other indebtedness thereafter due to Bank from Thomas, and reciting that it was given in renewal and extension of Thomas's first deed of trust to Bank. On November 7, 1978, Bank caused foreclosure of its lien and sale of the subject property under the second deed of trust, and the property was conveyed to Bank by Trustee's deed dated November 10, 1978. On November 13, 1978, the property was conveyed to defendant Valhi by Bank. Valhi is the present owner of the property. Prior to its purchase of the property, Valhi had actual and constructive notice that plaintiff had made the purchase money advancements set forth above to the Crownovers on behalf of Thomas.

Plaintiff's detailed recitation of the above facts in its petition included references to the deed records and deed of trust records in Llano County where recordation of the various instruments and purchase money advancements alleged may be found. Plaintiff then pleaded as follows:

"Plaintiff now claims a valid lien securing the indebtedness of E. Doyle Thomas to the extent of the monies advanced to him or in his behalf by Plaintiff in payment of the annual payments of the said vendor's lien note as well as the cash down payment made according to the terms of said promissory note representing said indebtedness, all of which Defendants, Valhi, Inc., and Citizens National Bank refuse and fail to recognize and honor as valid, causing a bona fide controversy, and Plaintiff invokes the Declaratory Judgment Act of the State of Texas to have this Court to declare and determine the rights, liabilities, duties, responsibilities and legal relations of Plaintiff and all parties defendant by virtue of such instruments.

"Plaintiff asks the court to enter its declaratory judgment and construing the rights and interest of said parties holding and decreeing as follows:

"1. Plaintiff has a valid and subsisting lien against the [subject property] securing the payment of the indebtedness evidenced by the advancement of plaintiff to E. Doyle Thomas to the extent of that applied to the purchase money, including cash down payment and annual vendor's lien note payments alike, according to the terms of the promissory notes given in connection therewith by E. Doyle Thomas ·to Plaintiff;

"2. That Plaintiff has the right of foreclosure under its deed of trust securing the payment of said indebtedness upon default;

"3. For such other relief to which Plaintiff may show itself entitled."

■ The fact that this is an action for declaratory judgment does not affect the application of the proper venue statute. The Declaratory Judgment Act, Vernon's Tex.Civ.St. art. 2524–1, does not purport to fix venue of suits brought under its terms, and such actions are governed by the rules relating to the venue of civil actions generally. *Gulf Coast Business Forms, Inc. v. Texas Employment Commission*, 493 S.W.2d 260, 262 (Tex.Civ.App.—Beaumont 1973, writ ref'd n. r. e. [Tex.1973] 498 S.W.2d 154); *Atlas Assurance Company v. Houston Fire & Casualty Ins. Co.*, 324 S.W.2d 943, 947 (Tex.Civ.App.—Amarillo 1959, writ dism.). Neither does the fact that this action was brought under the Declaratory Judgment Act preclude the court from decreeing foreclosure of lien if that relief was pleaded for. Section 8 of the Act provides for the granting of relief other than the declarations sought "whenever necessary or proper."

Defendants assert that this suit cannot be for foreclosure of a lien because plaintiff's debtor, E. Doyle Thomas, is not a party. In support of this contention defendants cite

*Higgins v. Frederick,* 32 Tex. 283 (1869). In that case, Schleyer, the mortgagor, sold his interest in the land to Higgins. Frederick, the mortgagee, sued only Higgins for foreclosure of his lien, and sought to hold venue in the county in which the land was located under the predecessor statute to our Exception 12. In the course of its opinion, the *Higgins* court held that where the debtor was not a party to the suit, it "can not be regarded as a suit to foreclose the mortgage." *Higgins* was decided by the Military Court during Reconstruction. The decisions of the Military Court are not authoritative, and they do not operate as precedents under the doctrine of stare decisis. *Taylor v. Murphy,* 50 Tex. 291, 295 (1878); *Peck v. San Antonio,* 51 Tex. 490, 492 (1879); *People's Nat. Bank v. Mulkey,* 94 Tex. 395, 60 S.W. 753, 754 (1901). See also Greenhill, *Uniform Citations for Briefs,* Appellate Procedure In Texas (2d Ed.1979) § 33.2, page 766; Norvell, *Oran M. Roberts and the Semicolon Court,* 37 Texas Law Rev. 279, 287 (1959).

■ Contrary to *Higgins,* it is the settled rule in Texas that "in a suit to foreclose a mortgage, it is not necessary to make the debtor a party to the suit where he has parted with his interest in the property, unless a personal judgment is sought against him. The plaintiff in such suit may proceed against the purchaser of the property alone, establish his debt, and subject the property to the payment thereof." *Hartfield v. Greber,* 207 S.W. 85, 86 (Tex. Comm.App.1918, judgmt adopted). In this case Hartfield had not assumed the indebtedness of Pye, the mortgagor, when Hartfield purchased the mortgaged property from Pye. The court held that Pye was not a necessary party to the mortgagee's foreclosure suit and said: "Plaintiff had the right to sue Hartfield as a subsequent purchaser of the property upon which he held a lien, establish his debt and enforce his lien against the property, without making Pye, his debtor, a party to the proceedings. . . . The effect of the court's judgment was to establish plaintiff's debt and subject the property to the lien. In this we think there was no error."

The decision in *Hartfield v. Greber* was cited and relied upon by our Supreme Court in deciding a limitation question, in the case of *Flatonia State Bank v. Southwestern Life Ins. Co.,* 133 Tex. 243, 127 S.W.2d 188, 193 (1939). The Court stated, "It is a well settled rule that a money judgment for debt is not always essential to a judgment foreclosing a lien given to secure it. For example, in the case of *Hartfield v. Greber,* Tex.Com.App., 207 S.W. 85, it was held that the holder of a lien upon real estate might proceed against the purchaser alone, even though the purchaser had not assumed the debt secured by the lien, and in that action establish its debt and the amount thereof and subject the property to its payment. That is, in effect, what the Bank is seeking to do in this case. Its cause of action is not barred by limitation."

■ Under the rule in *Hartfield* and *Flatonia State Bank,* we agree with plaintiff's contention in our case that plaintiff's joinder or not of Thomas, its debtor, is of no consequence in determining whether the nature of the suit is for foreclosure of plaintiff's lien. Under the facts alleged by plaintiff, Thomas no longer owns any interest in the subject property, and defendant Valhi "is the present owner of the property." Plaintiff could properly join Thomas if it sought relief against him, but Thomas is not a necessary party to an action by plaintiff to establish and foreclose a lien against the property based on Thomas's debt. See also *Pereira v. Gulf Electric Company,* 343 S.W.2d 334, 336 (Tex.Civ.App.—Waco 1961, writ ref'd n. r. e.). Therefore, plaintiff's election not to join Thomas has no bearing upon whether the nature of the suit is one for foreclosure.

■ Defendants contend that this is not a suit for foreclosure because plaintiff has not alleged that its debtor, Thomas, is in default. They assert that plaintiff pleads for a declaration of right of foreclosure *if* Thomas defaults. They argue that plaintiff has not detailed in its petition the facts of maturity of the debt and default ordinarily pleaded in a petition for foreclosure of a

deed of trust. We do not agree with defendants' construction of plaintiff's pleadings.

■ Plaintiff's petition is before us without special exceptions asserting its insufficiency on any ground to state a cause of action for lien foreclosure. Under this circumstance plaintiff is entitled to a liberal construction of its pleadings toward accomplishing the purpose it asserts was intended. *Stone v. Lawyers Title Ins. Corp.*, (Tex. 1977) 554 S.W.2d 183, 186; *Scott v. Gardner*, 137 Tex. 628, 156 S.W.2d 513, 515 (1941). Plaintiff pleaded for judgment establishing a lien in its favor against the property securing Thomas's indebtedness, for a declaration "that plaintiff has the right of foreclosure under its deed of trust securing the payment of the said indebtedness upon default," and for general relief. We believe these pleadings may be reasonably construed as inferring that Thomas is in default on the debt. Plaintiff used the present tense of the verb "have," not the future, is asserting it "has the right of foreclosure under its deed of trust . . . upon [Thomas's] default." Detailed allegations surrounding the default must await defendants' special exceptions. Rule 90, Vernon's Tex.Rules Civ.Proc.

■ Moreover, defendants' construction of plaintiff's pleading assumes that plaintiff is seeking an advisory opinion on the contingency of Thomas's future default. The courts of Texas are not empowered to render advisory opinions. *Firemen's Ins. Co. of Newark, New Jersey v. Burch*, (Tex. 1968) 442 S.W.2d 331, 333. It is the rule that a pleading should be construed as invoking jurisdiction unless it shall appear "not doubtfully, but plainly, that the jurisdiction of the court is negatived." *Pecos & N. T. Ry. Co. v. Rayzor*, 106 Tex. 544, 172 S.W. 1103, 1105 (1915).

Under the rules of construction set forth above, we believe and hold that the ultimate and dominant purpose of this suit is foreclosure of plaintiff's deed of trust lien to satisfy Thomas's indebtedness. Therefore, venue in the county of suit is proper under Exception 12. Defendants' contrary contentions and arguments, some going to the merits of the case, are overruled.

Bank specially pleaded the provisions of 12 U.S.C. § 94 in its plea of privilege, and it contends its plea must be sustained under that statute regardless of the applicability of Exception 12. The federal statute "relates to transitory actions only, and not to such actions as are by law local in their character." *Casey v. Adams*, 102 U.S. 66, 26 L.Ed. 52 (1880). Bank recognizes this exception, but it asserts that a suit to foreclose a lien is not a local action within the meaning of the statute.

*Casey v. Adams* originated in Louisiana. The plaintiffs obtained foreclosure of their mortgage and sale of the mortgaged property in a suit brought in the Parish of La Fourche where the property was located, but they did not make the bank which claimed as a creditor under the prior mortgage, a party. The sheriff proposed to sell the property to plaintiffs on their bid, but the plaintiffs claimed the whole price on their mortgage and refused to pay their bid on this ground. The sheriff refused to complete the sale under plaintiffs' demand. Plaintiffs then moved the court in which the foreclosure proceedings were held to require the bank which claimed under the prior mortgage to show cause why its claim should not be erased from the records. The bank sought to have the proceeding against it transferred to another parish, where it was located, under the federal statute then in force identical in all material respects to 12 U.S.C. § 94. The plea was overruled by the state courts, and the bank took the question to the United States Supreme Court. That Court affirmed the Louisiana courts, stating that the statute applied only to transitory actions, not to local actions, and that banks are not exempt "from the ordinary rules of law affecting the locality of actions founded on local things." It said, "The distinction between local and transitory actions is as old as actions themselves . . . Local actions are in the nature of suits *in rem*, and are to be prosecuted where the thing on which they are founded is situated . . ." The Court held:

The proceeding in this case was clearly local in its nature. It related to property in the Parish of La Fourche, which had been seized and sold under process from the district court of that parish. The proceeds of the sale were in that court, and could not be distributed until "a conflict of privileges" arising between creditors was settled. No personal claim was made against the bank. Nothing was wanted except to "class the privilege" of the bank on the property seized "according to its rank." Whether, under the laws of Louisiana, the form of proceeding instituted for that purpose was appropriate, is not a question for us. The decision of the Supreme Court of the State as to that matter is conclusive.

■ A proceeding in rem is essentially a proceeding "to determine the right in specific property, against all the world, equally binding on everyone ... without reference to the title of individual claimants.... [H]ence, the action is necessarily local in character." 1 Tex.Jur.2d 412, Actions § 36. "In a larger and more general sense, the term 'in rem' is also applied to actions between parties where the direct object is to reach and dispose of property owned by them, or of some interest therein. In this class of actions, known as proceedings quasi in rem, the judgment deals with the status, ownership, or liability of particular property and operates only as between the particular parties to the proceedings. Proceedings of this character are so characterized because judgments in them affect not only the title to the res, but likewise rights in and to it possessed by individuals." 1 Am. Jur.2d 574, Actions § 41. A suit to foreclose a mortgage falls within the latter class. It is quasi in rem. The judgment is binding only upon the parties and their privies. *McCorkle v. Hamilton*, 150 S.W.2d 439, 442 (Tex.Civ.App.—Fort Worth 1941, writ ref'd).

■ In our case, plaintiff is proceeding directly and only against the property for satisfaction of its mortgage lien. Plaintiff does not seek personal judgment against either defendant. The primary effect of the judgment, if plaintiff prevails, will be on the property. We hold the action is local in nature within the meaning and the rule of *Casey v. Adams*, supra. See also *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 2577, 53 L.Ed.2d 683 (1977); *Freeman v. Alderson*, 119 U.S. 185, 7 S.Ct. 165, 166–67, 30 L.Ed. 372 (1886); *Pereira v. Gulf Electric Company*, 343 S.W.2d 334, 336 (Tex.Civ. App.—Waco 1961, writ ref'd n. r. e.); 1 Moore's Federal Practice, Venue § 0.142 [2—1], pp. 1364–65 (Rel.No. 27—1974).

The judgment is affirmed.